GIUSEPPE FIORENTINO, PETITIONER, v. W. H. & F. W. CANE, INCORPORATED, RESPONDENT.

**Traumatic Hernia Alleged—Petitioner Felt Pain, Rested a Few Minutes and Then Continued Work Until Quitting Time— Hernia Not Proven.**

For the petitioner, *Raskin & Hornestein.*

For the respondent, *Edwin C. Kautzmann.*

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

It is alleged in the petition that the petitioner suffered a hernia on October 1st, 1925, while in the course of the employment with the respondent.

The petitioner, in his testimony, stated that on October 1st, 1925, at about eleven-fifty A. M., with the aid of a fellow-employe, lifted a beam, and in so doing felt a pain in his right groin. The petitioner let his end of the beam down to the ground and sat down for ten minutes, after which he had his lunch. He then continued to work after the lunch period until quitting time, which was at four-thirty P. M., and then went home. After he arrived at his home the petitioner for the first time examined himself and found a lump or a bulging in his right groin.

There is no claim of a real traumatic hernia resulting from the application of force directly to the abdominal wall, either puncturing or tearing the wall, nor has there been any evidence adduced to establish a traumatic hernia. The burden of proof is therefore upon the petitioner to furnish conclusive proof that the hernia was immediately caused by such sudden effort of severe strain that—*first,* the descent of the hernia immediately followed the cause; *second,* that there was severe pain in the hernial region; *third,* that there was such prostra-

tion that the employe was compelled to cease work immediately; *fourth,* that the above facts were of such severity that the same was noticed by the claimant and communicated to the employer within twenty-four hours after the occurrence of the hernia; *fifth,* that there was such physical distress that the attendance of a licensed physician was required within twenty-four hours after the occurrence of the hernia, as is required under the workmen's compensation statute. Section 2, paragraph 11x.

The petitioner failed to establish an immediate descent of the hernia following the cause, and, therefore, has failed to satisfy the burden placed upon him, and the petition must be dismissed.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

CHARLES E. CORBIN,
*Deputy Commissioner.*